UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LAWRENCE K. TENNILLE,

        Petitioner,         Case No. 17-cv-10750

v        Honorable Thomas L. Ludington

J. A. TERRIS,

        Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Petitioner Lawrence K. Tennille is a federal prisoner currently imprisoned at the Milan Federal Correctional Institution in Milan, Michigan. Petitioner was convicted after a jury trial in the United Stated District Court for the Eastern District of Kentucky of conspiracy to possesses with intent to distribute crack cocaine, his third felony drug conviction. Petitioner was sentenced to life in prison. See *United States v. Tennille*, 365 Fed. Appx. 613 (6th Cir. 2010).

**I.**

The instant habeas petition, filed under 28 U.S.C. § 2241, asserts two grounds for relief: (1) Petitioner is actually innocent of the mandatory life sentence for conspiring to deliver over 50 grams of crack cocaine because the prosecution presented only 41 grams during trial, and (2) Petitioner is actually innocent of being extraditable and a fugitive from justice when Petitioner did not possess or distribute cocaine in Kentucky.

Petitioner has filed nine petitions for post-conviction relief in the Eastern District of Kentucky under 28 U.S.C. §§ 2241 and 2255. See *United States v. Tennille*, E.D. Ky. No. 96-16, ECF Nos. 146, 178, 186, 188, 222, 242, 293, 324, 332. Of particular relevance here is Petitioner's March 30, 2010, § 2241 petition. *See id.*, ECF No. 293. In that petition, Petitioner asserted the same claims he presents in the instant action, to-wit: 1) actual innocence as to the mandatory minimum life sentence/fifty plus grams of cocaine, see id, at 6-9, and 2) actual innocence as to being extraditable and/or a fugitive. *Id.* at 5-12. The Court found that Petitioner's claims could not be raised under the "savings" clause of § 2241. *Id.*, ECF Nos. 302, 309.

Petitioner appealed this determination, and the Sixth Circuit affirmed, reasoning as follows:

> Tennille is not entitled to relief under § 2241. As a general rule, a petitioner challenging the legality of his sentence must bring his claim under § 2255 in the sentencing court, while a petitioner challenging the execution or manner in which the sentence is served may bring a claim under § 2241 in the court having jurisdiction over the prisoner's custodian. *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *Charles*, 180 F.3d at 755-56. However, a federal prisoner may challenge his conviction and the imposition of a sentence under § 2241, instead of § 2255, if he is able to establish that his remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *see United States v. Hayman*, 342 U.S. 205, 209 (1952); *Charles*, 180 F.3d at 755-56.
>
> A prisoner seeking to avail himself of the "savings clause" exception to filing under § 2255 bears the burden of presenting a credible claim of actual innocence that is not cognizable in a successive § 2255 motion. *Martin*, 319 F.3d at 804. Prisoners have satisfied this burden by showing that there has been an intervening change in the law that establishes their actual innocence. *See Peterman*, 249 F.3d at 461-62; *Charles*, 180 F.3d at 757.
>
> Tennille is clearly challenging the imposition of his sentence for conspiring to possess with intent to distribute in excess of fifty grams of cocaine base. However, he has not met his burden to prove that his § 2255 remedy is inadequate or ineffective. The remedy under § 2255 is not rendered inadequate or ineffective simply because the petitioner has already been denied relief under § 2255, the petitioner has been denied permission to file a second or successive motion to vacate, the petitioner is procedurally barred from pursuing relief under § 2255, or

> the petitioner has allowed the one-year statute of limitations to expire. *See Charles*, 180 F.3d at 756-58.
>
> Tennille also failed to make a showing of actual innocence. Relying, in part, on *Apprendi v. New Jersey*, 530 U.S. 466 (2000), Tennille argued that he is actually innocent of the sentence imposed because the sentencing judge made a preponderance finding that the offense involved more than fifty grams of cocaine, rather than submitting the issue to the jury. However, an *Apprendi* challenge to a sentence cannot be the basis for an actual innocence claim. *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003). Tennille also argues that he is actually innocent because the district court lacked authority to issue an arrest warrant and have him transferred to Kentucky. However, this claim does not establish his "actual innocence," and clearly does not involve an intervening change in the law. *See Peterman*, 249 F.3d at 461-62; *Charles*, 180 F.3d at 757. Therefore, Tennille has not met his burden of showing entitlement to bring his claim pursuant to § 2241.

*Tennille v. United States*, No. 11-5689, at *2-3 (6th Cir. May 16, 2012).

## II.

Promptly after the filing of a habeas petition, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *Perez v. Hemingway*, 157 F. Supp. 2d 790, 796 (E.D. Mich. 2001). If, after preliminary consideration, the Court determines that the petitioner is not entitled to relief, the Court must summarily dismiss the petition. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970).

Here, Petitioner raises claims identical to the ones he presented in a prior § 2241 petition, and the claims were rejected on the merits by the Sixth Circuit. A habeas petitioner is prohibited from filing a second or successive habeas petition raising claims that were already decided against him in a prior habeas action. *See* 28 U.S.C. § 2244(a) and (b)(1); *Long v. Kentucky*, 80 Fed. Appx. 410, 414 (6th Cir. 2003) (provisions of § 2244 regarding successive petitions apply to § 2241 petitions); *Queen v. Miner*, 530 F.3d 253, 255 (3rd Cir. 2008) (barring review of

successive §2241 petition raising identical claims to previously denied petition); *Antonelli v. Warden*, 542 F.3d 1348, 1352 (11th Cir. 2008)(same).

Moreover, the prior determination by the Sixth Circuit that Petitioner's claims lack merit bars review under the doctrine of claim preclusion, which provides that "a final judgment on the merits bars any and all claims by the parties based on the same cause of action, as to every matter actually litigated, and as to every ground of recovery that could have been presented." *See Smith v. Reno*, 3 F. App'x 403 (6th Cir. 2001) (affirming dismissal of a pro se petitioner's fourth challenge to a federal detainer under § 2241 on the ground of claim preclusion). Dismissal of the habeas corpus petition is therefore warranted.

### III.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies relief on procedural grounds without addressing the merits, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000).

Petitioner is not entitled to a certificate of appealability because his request for habeas relief is barred. *See McKinney-Bey v. Hawk-Sawyer,* 69 F. App'x. 113 (4th Cir. 2003). Jurists of reason would not find this ruling debatable. Accordingly, a certificate of appealability is not warranted in this case. Leave to proceed *in forma pauperis* on appeal will also be denied, as any appeal would be frivolous. *See* Fed. R. App. P. 24(a).

### III.

Accordingly, it is **ORDERED** that Petitioner's petition for a writ of habeas corpus, ECF No. 1, is **DISMISSED with prejudice.**

It is further **ORDERED** that a certificate of appealability is **DENIED.**

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED.**

                                s/Thomas L. Ludington  
                                THOMAS L. LUDINGTON  
                                United States District Judge

Dated: March 16, 2017

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 16, 2017.

                                s/Michael A. Sian  
                                MICHAEL A. SIAN, Case Manager