UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LAWRENCE K. TENNILLE,

        Petitioner,                  Case No. 17-cv-10750

v                                      Honorable Thomas L. Ludington

J. A. TERRIS,

        Respondent.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

Petitioner Lawrence K. Tennille is a federal prisoner currently imprisoned at the Milan Federal Correctional Institution in Milan, Michigan. Petitioner was convicted after a jury trial in the United Stated District Court for the Eastern District of Kentucky of conspiracy to possess with intent to distribute crack cocaine, his third felony drug conviction. Tennille was sentenced to life in prison. *See United States v. Tennille*, 365 Fed. Appx. 613 (6th Cir. 2010).

On March 7, 2017 Tennille filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that he was actually innocent of the mandatory life sentence for conspiring to deliver over 50 grams of crack cocaine and that he was actually innocent of being extraditable and a fugitive from justice. *See* ECF No. 1. A preliminary review of the petition revealed that Tennille had already filed nine petitions for post-conviction relief in the Eastern District of Kentucky under 28 U.S.C. §§ 2241 and 2255, one of which unsuccessfully asserted the same claims raised in the petition before this Court. See *United States v. Tennille*, E.D. Ky. No. 96-16, ECF Nos. 146, 178, 186, 188, 222, 242, 293, 324, 332. Because Tennille was procedurally barred from filing a second or successive habeas petition raising claims that were

already decided against him in a prior habeas action by 28 U.S.C. § 2244(a), (b)(1), and the doctrine of claim preclusion, his petition was dismissed. *See* ECF No. 4.

Petitioner Tennille now moves for reconsideration of that dismissal. *See* ECF No. 7. A motion for reconsideration will be granted if the moving party shows: "(1) a palpable defect, (2) the defect misled the court and the parties, and (3) that correcting the defect will result in a different disposition of the case." *Michigan Dept. of Treasury v. Michalec*, 181 F. Supp. 2d 731, 733-34 (E.D. Mich. 2002) (quoting E.D. Mich. LR 7.1(g)(3)). A "palpable defect" is "obvious, clear, unmistakable, manifest, or plain." *Id*. at 734 (citing *Marketing Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 2d 262, 278 (E.D. Mich. 1997)). "Motions for rehearing or reconsideration which merely present the same issues ruled upon by the Court, either expressly or by reasonable implication, shall not be granted." *Id*. (quoting E.D. Mich. 7.1(h)(3)).

In his current motion Tennille does not identify any palpable defect in the Court's previous order, but merely attempts to reargue his procedurally barred claims. Tennille's motion for reconsideration will therefore be denied.

Accordingly, it is **ORDERED** that Petitioner'sTennille's motion for reconsideration, ECF No. 7, is **DENIED.**

It is further **ORDERED** that a certificate of appealability is **DENIED.**

It is further **ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED.**

Dated: April 4, 2017  s/Thomas L. Ludington
 THOMAS L. LUDINGTON
 United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 4, 2017.

 s/Michael A. Sian
 MICHAEL A. SIAN, Case Manager